**FILED**

# 1/21/2021

**CENTRAL DISTRICT OF CALIFORNIA**

BY: _____**LM**_____ DEPUTY

1  Natasha Starner
   1578 Luna Mesa Rd
2  Yucca Valley, CA 92284

3  Petitioner and Defendant, In Pro Se

4

5

6

7

8

9                    UNITED STATES DISTRICT COURT

10        CENTRAL DISTRICT, CALIFORNIA, EASTERN DIVISION

11                                              **JFW**

12  Matthew Ettinger,                  NO.  ED21CV00111 ~~JGB~~ (SPx)

13                     Plaintiff,       San Bernardino Superior Court,
    vs.                                 Joshua Tree District
14                                      Case # LLTMB2000046
    Natasha Starner, DOES 1-10, Inclusive,
15                                      NOTICE OF REMOVAL
                      Defendants        [28 USC 1441,1446(d)]
Deck 18                                 [Calif. CCP 430.90]
IFP 16
N/S
17
no related
18  Defendant alleges:

19  **Parties and Counsel**

20       1.      Defendant and Plaintiff , are those parties in a California State Court filed in the

21  Joshua Tree Courthouse, in San Bernardino County, California, concerning real property located

22  1578 Luna Mesa Road, Yucca Valley, California 92284[hereafter "premises"], within this

23  court's jurisdiction. A true and correct copy of that complaint is attached hereto as **Exhibit A.**

24       2.      Defendant is the residential tenant of Plaintiff in the premises.

25       3.      Defendant is informed and believes that Plaintiff owns the premises subject to a

26  federally backed mortgage loan, who has been granted forbearance, such that under Section

27  4024(b)] of the CARES Act ["Moratorium"], federal law prohibits filing an eviction action for

28

1  nonpayment, serving less than a 30-day notice of termination or any sooner than expiration of

2  the forbearance period, which has yet to occur.

3  **Federal Question**

4      4.    Plaintiff has actually filed a Federal Question action in State Court, for which the

5  State Court action is removed under 28 U.S.C. 1441 *et seq.* and *Hunter v. Philip Morris USA,*

6  *582 F.3d 1039, 1042 (9th Cir.2009)*; 28 USC 1331.

7      5.    The CARES Act enacted March 27, 2020, *preempts* State law as to tenants of

8  landlords who enjoy the forbearance agreement, as to their ability to evict a tenant in violation of

9  the CARES Act. *[Florida Lime & Avocado Growers, Inc. v. Paul*, 373 U.S. 132, 142-43 (1963)

10  (concept of limited preemption)]: Section 502 of the emergency act extended the prohibition

11  through January 31, 2021.

12      6.    The cause of action for such a landlord requires allegations of compliance with the

13  CARES Act as to the expiration of the Forbearance period, service of at least 30 days' notice of

14  termination, and compliance with the moratorium period, in addition to the other prima facie

15  allegations.

16      7.    Whereas under California law, a landlord who has obtained a forbearance

17  agreement to postpone his mortgage payments could still evict the tenants, even though

18  prohibited by the CARES Act.

19      8.    Whereas under California law, a mere 3-day notice to pay or quit is sufficient,

20  despite the CARES Act 30-day notice requirement, even for nonpayment of rent or other

21  charges.

22      9.    The cause of action for evicting a tenant framed by the CARES Act is for

23  ejectment under federal law, due to this change in the law.

24      10.    The Ninth Circuit in *Proctor v. Vishay Intertechnology, Inc.* 584 F.3d 1208, 1219

25  (9th Cir. 2009) explained: a well-pleaded complaint establishes either that federal law creates the

26  cause of action or that the plaintiff's right to relief necessarily depends on resolution of a

27  substantial question of federal law . It was quoting from *Empire Healthchoice Assurance, Inc. v.*

28

1  *McVeigh,* 547 U.S. 677, 690 (2006), which in turn relied upon *Jones v. R.R. Donnelley Sons Co.*

2  541 U.S. 369, 376 (2004):

3      ...a cause of action may arise under both state and federal law....We have

4      interpreted those statutes to mean that a claim arises under federal law **if**

5      federal law provides a necessary element of the plaintiff's claim for relief.

6

7  11.    Even where the cause of action is based on state law, the district court has subject

matter jurisdiction over the case if (1) the federal issues are essential to the claims, (2) there is a

8  substantial federal interest in resolving such issues, and (3) a federal forum may entertain the

9  state law claims without disturbing the balance of federal and state judicial responsibilities.

10  *Grable & Sons Metal Prods v. Darue Eng.r & Mfg.* 545 US 308, 313, 315 (2005).

11

12  12.    The Complaint in this action was filed in State Court as artful pleading, entitled by

the State Court as Unlawful Detainer, the State Court name, but alleging the right to possession

13  under only California law.

14

15  13.    Thus, while an unlawful detainer might rise under California Code of Civil

Procedure §1161, it can also arise under federal law as an ejectment. Particularly where

16  Congress has enacted a law that prohibits eviction if the landlord has obtained a mortgage

17  deferment, a "necessary element" of the landlord's claim for relief is that she has not obtained

18  that deferment.  Where as here, the CARES Act expressly prohibits such evictions, her "right to

19  relief necessarily depends on resolution of a substantial question of federal law." This Court

20  cannot conclude that a landlord may circumvent this Congressional protection by simply not

21  mentioning it in her complaint, due to the above standards which look beyond the mere words

22  used to whether *in fact* the right to possession *does* depend on whether the CARES Act prohibits

23  the eviction upon its grounds.

24

25  14.    The attempted eviction violates the CARES Act requirements, and its violation

must be resolved in federal court."

26

27  15.    Here, the CARES Act is  essential to the right of possession, Congress passed it to

express its substantial interest in such issues, and the "balance" of  judicial responsibilities will

28

1  not be disturbed. Petitioner's rights to possession require application of the CARES Act,

2  because California law is now superceded by the CARES Act..

3        16.    Stripped of the artful pleading [*Arco Envtl. Remediation LLC v. Dept of Health*

4  *and Envtl Quality* 213 Fed 3d 1108, 1114 (9th, 2000)], the Complaint attempts to state a cause

5  of action in ejectment, and cannot state a federal cause of action. The CARES Act is that

6  substantial question of law. The Plaintiff cannot defeat removal by omitting necessary federal

7  questions in the Complaint.

8        17.    To be a federal cause of action, there must also be a private right of action.

9  *Merrill Dow Pharms. Inv v. Thompson* 478 US 804, 817 (1986). It can be either express or

10 implicit. *Diaz v. Davis* 549 Fed 3d 1223, 1229-1230 (9th Cir. 2008). The Court must look to the

11 "rights creating" language and statutory structure within which it is contained. *Lamie v. United*

12 *States Trustee* 540 US 526, 534 (2004). The Court must assume that Congress did not intend to

13 create a right without a remedy. *First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117,

14 1123,1125-26  (9th Cir. 2000).

15       18.    The four criteria of *Cort v. Ash* 422 US 66 (1975) are satisfied:

16            a. Defendant is part of the protected class for whom the statute, the CARES Act

17 was created

18            b. The rights-creating language of the CARES Act, its context, and the legislative

19 history. *Opera Plaza Residential Parcel Homeowners Assn. v. Hoang* 376 Fed. 3d 831, 836

20 (2004, 9th Cir) are underscored by :

21                  (i) the language of the CARES Act , particularly §4023(d)9 and 4024(b)

22                  (ii) the lack of any other specified enforcement mechanism [*First Pacific*

23 *Bancorp Inc v. Helfer* 224 Fed 3d 1117m 1123 (2000, 9th Cir.);  *Williams v. United Airlines, Inc.*

24 500 Fed 3d, 1019, 1024 (9th, 2007)], and

25                  (iii) the legislative history, particularly the COVID pandemic and its impact

26 on the entire national economy with the intent to protect tenants and homeowners from ouster.

27                  (iv) The California unlawful detainer statute does no more than define an

28

1    unlawful detainer: "A tenant of real property, ...is guilty of unlawful detainer: [listing grounds].
2    There is no State statute that expressly says a tenant may be evicted by A, B, and C. Mere rights
3    and procedures are implemented, but only so far as they involve State laws. The limited
4    preemption of the CARES Act is merely added as a condition of one of the grounds to be
5    satisfied.

6         c. The cause of action is consistent with the underlying purpose of the law:
7    balancing the rights of the parties.

8         d. The "traditional status" of evictions as a State cause of action is the weakest of
9    the criteria [*First Pacific Bancorp, Inc. v. Helfer*, 224 F.3d 1117, 1127 (9th Cir. 2000)],
10   particularly where here, as in Civil Rights legislation, Congress intended to occupy the field and
11   break tradition, with a bold new law intended to protect tenants whose landlords enjoyed the
12   benefits of the mortgage forbearance while failing to fulfill the concomitant obligation not to
13   evict the tenants for whose benefit the forbearance was intended, under the Supremacy Clause.

14        19.    The CARES Act is not a defense, but the entire basis for the action to eject a
15   residential tenant who was unable to pay rent due to the COVID dangers and the governmental
16   restrictions of business closures and staying home.  Plaintiff must prove his entitlement to
17   possession under the CARES Act, as to the timing, purpose and procedure established by
18   Congress. Plaintiff cannot state a cause of action to evict such a tenant without framing the
19   prima facie case in the language of the CARES Act . The notice purports to comply with
20   California law, but has in fact patently violated the CARES Act. Under the CARES Act, Plaintiff
21   would be unable to evict any such tenant.

22        20.    The federal cause of action in ejectment is the basis for this action, irrespective of
23   artful pleading, such that this action could have been brought in Federal District Court.

24   **Removed Action**

25        21.    A true and correct copy of the State Court Complaint of the action, the Motion to
26   Quash service of the Summons, and Commissioner Burdick's rejection of that motion, sought to
27   be removed to this Court are attached hereto and incorporated herein by reference.

28

1      22.    Defendant entitled to the protection of the CARES Act , and entitled to remove

2 this action to Federal Court.

3      23.    Under California Code of Civil Procedure §430.90, the State trial court hereby

4 loses jurisdiction under the Federal Rules of Civil Procedure and does not recover jurisdiction, if

5 at all, until and unless this action is remanded to the State Court, after which jurisdiction will

6 again attach as described in that statute.

7 DATED: January 19, 2021

8

9 /S/

10 Natasha Starner,
Defendant, in pro se

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**NOTICE OF REMOVAL**

# EXHIBIT 1



**SUMMONS**
*(CITACIÓN JUDICIAL)*
UNLAWFUL DETAINER—EVICTION
*(RETENCIÓN ILÍCITA DE UN INMUEBLE—DESALOJO)*

SUM-130

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**F I L E D**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JOSHUA TREE DISTRICT

DEC 1 0 2020

BY _____
C. HOLLINGSHED, DEPUTY

NOTICE TO DEFENDANT: Natasha Stamer
*(AVISO AL DEMANDADO):* Does 1-1

YOU ARE BEING SUED BY PLAINTIFF:  Matthew Ettinger
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

| | |
|---|---|
| NOTICE! You have been sued. The court may decide against you without your being heard unless you respond within 5 days. You have 5 DAYS, not counting Saturdays and Sundays and other judicial holidays, after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. | ¡AVISO! Usted ha sido demandado. Si no responde dentro de 5 días, el tribunal puede emitir un fallo en su contra sin una audiencia. Una vez que le entreguen esta citación y papeles legales, solo tiene 5 DÍAS, sin contar sábado y domingo y otros días feriados del tribunal, para presentar una respuesta por escrito en esta tribunal y hacer que se entregue una copia al demandante. |
| A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court. | Una carta o una llamada telefónica no lo protege. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no presenta su respuesta a tiempo, puede perder el caso por falta de comparecencia y se le podrá quitar su sueldo, dinero y bienes sin más advertencia. |
| There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services website (www.lawhelpca.org), the California Courts Online Self-Help Center (www.courts.ca.gov/selfhelp), or by contacting your local court or county bar association. | Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados local. |
| **FEE WAIVER:** If you cannot pay the filing fee, ask the clerk for a fee waiver form. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case. | **EXENCIÓN DE CUOTAS:** Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos con un gravamen sobre cualquier cantidad de $10,000 ó más recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desestimar el caso. |

1.  The name and address of the court is:
    *(El nombre y dirección de la corte es):*
    San Bernardino Superior Court, 6527 White Feather Road, Joshua Tree, CA 92252

CASE NUMBER *(número del caso):*
LLTNB2000046

2.  The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

    Matthew Ettinger, 1428 Airoso Road, La Habra Heights, CA  90631, (714) 349-0040

Form Adopted for Mandatory Use
Judicial Council of California
SUM-130 [Rev. September 1, 2010]

**SUMMONS—UNLAWFUL DETAINER—EVICTION**

Code of Civil Procedure, §§ 412.20, 415.456, 1167
www.courts.ca.gov

LHI7184 SAN BERNARDINO

COPY   SCANNED

UD-100

| ATTORNEY OR PARTY WITHOUT ATTORNEY | STATE BAR NUMBER: | FOR COURT USE ONLY |
|---|---|---|

NAME: Matthew Ettinger
FIRM NAME:
STREET ADDRESS: 1428 Airoso Road
CITY: La Habra Heights   STATE: CA   ZIP CODE: 90631
TELEPHONE NO.: (714) 349-0040   FAX NO.:
EMAIL ADDRESS: melbik@aol.com
ATTORNEY FOR (name): Self-Represented

SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN BERNARDINO
STREET ADDRESS: 6527 White Feather Road
MAILING ADDRESS:
CITY AND ZIP CODE: Joshua Tree, CA 92252
BRANCH NAME: Joshua Tree District

**FILED**
SUPERIOR COURT OF CALIFORNIA
COUNTY OF SAN BERNARDINO
JOSHUA TREE DISTRICT

DEC 1 0 2020

BY _____
C. HOLLINGSHED, DEPUTY

PLAINTIFF: Matthew Ettinger
DEFENDANT: Natasha Starner
[X] DOES 1 TO 1

| **COMPLAINT—UNLAWFUL DETAINER*** | CASE NUMBER: |
|---|---|
| [X] COMPLAINT  [ ] AMENDED COMPLAINT   (Amendment Number): | LLTMB2000046 |

**Jurisdiction** (check all that apply):

[X] ACTION IS A LIMITED CIVIL CASE
Amount demanded   [X] does not exceed $10,000.
    [ ] exceeds $10,000 but does not exceed $25,000.
[ ] ACTION IS AN UNLIMITED CIVIL CASE (amount demanded exceeds $25,000)
[ ] ACTION IS RECLASSIFIED by this amended complaint or cross-complaint (check all that apply):
    [ ] from unlawful detainer to general unlimited civil (possession not in issue).   [ ] from limited to unlimited.
    [ ] from unlawful detainer to general limited civil (possession not in issue).   [ ] from unlimited to limited.

1. *PLAINTIFF (name each):*

   Matthew Ettinger

   *alleges causes of action against DEFENDANT (name each):* Natasha Starner

2. a. Plaintiff is   (1) [X] an individual over the age of 18 years.   (4) [ ] a partnership.
            (2) [ ] a public agency.   (5) [ ] a corporation.
            (3) [ ] other (specify):
  b. [ ] Plaintiff has complied with the fictitious business name laws and is doing business under the fictitious name of (specify):

3. a. The venue is the court named above because defendant named above is in possession of the premises located at (street address, apt. no., city, zip code, and county):
    1578 Luna Mesa Road
    Yucca Valley, CA 92284 , County of San Bernardino
  b. The premises in 3a are (check one)
    (1) [ ] within the city limits of (name of city): Yucca Valley
    (2) [X] within the unincorporated area of (name of county): San Bernardino
  c. The premises in 3a were constructed in (approximate year): 2005

4. Plaintiff's interest in the premises is   [X] as owner   [ ] other (specify):

5. The true names and capacities of defendants sued as Does are unknown to plaintiff.

**\* NOTE:** Do not use this form for evictions after sale (Code Civ. Proc., § 1161a).

Page 1 of 4

Form Approved for Optional Use
Judicial Council of California
UD-100 [Rev. September 1, 2020]

**COMPLAINT—UNLAWFUL DETAINER**

Civil Code, § 1940 et seq.;
Code of Civil Procedure, §§ 425.12, 1166
www.courts.ca.gov

LHI7184 SAN BERNARDINO

**UD-100**

| | |
|---|---|
| PLAINTIFF: Matthew Ettinger | CASE NUMBER: **LLTMB200004G** |
| DEFENDANT: Natasha Starner | |

6. a. On or about *(date):* July 9, 2018
   defendant *(name each):* Natasha Starner

    (1) agreed to rent the premises as a [X] month-to-month tenancy [ ] other tenancy *(specify):*
    (2) agreed to pay rent of $ 940.00    payable [X] monthly [ ] other *(specify frequency):*
    (3) agreed to pay rent on the [X] first of the month [ ] other day *(specify):*

\*\*\*   b. This [ ] written [X] oral agreement was made with
    (1) [X] plaintiff. (3) [ ] plaintiff's predecessor in interest.
    (2) [ ] plaintiff's agent. (4) [ ] Other *(specify):*

   c. [X] The defendants not named in item 6a are
    (1) [X] subtenants.
    (2) [ ] assignees.
    (3) [X] Other *(specify):* Unknown occupant.

   d. [X] The agreement was later changed as follows *(specify):* The rent was raised from $890.00 to $940.00

   e. [ ] A copy of the written agreement, including any addenda or attachments that form the basis of this complaint, is attached and labeled Exhibit 1. *(Required for residential property, unless item 6f is checked. See Code Civ. Proc., § 1166.)*

\*\*\*   f. [X] *(For residential property)* A copy of the written agreement is **not** attached because *(specify reason):*
    (1) [X] the written agreement is not in the possession of the landlord or the landlord's employees or agents.
    (2) [ ] this action is solely for nonpayment of rent (Code Civ. Proc., § 1161(2)).

7. The tenancy described in 6 *(complete (a) or (b))*
   a. [ ] is **not** subject to the Tenant Protection Act of 2019 (Civil Code, § 1946.2). The specific subpart supporting why tenancy is exempt is *(specify):*
   b. [X] is subject to the Tenant Protection Act of 2019.

8. *(Complete only if item 7b is checked. Check all applicable boxes.)*
   a. [X] The tenancy was terminated for at-fault just cause (Civil Code, § 1946.2(b)(1)).
   b. [ ] The tenancy was terminated for no-fault just cause (Civil Code, § 1946.2(b)(2)) and the plaintiff *(check one)*
    (1) [ ] waived the payment of rent for the final month of the tenancy, before the rent came due, under section 1946.2(d)(2), in the amount of $
    (2) [ ] provided a direct payment of one month's rent under section 1946.2(d)(3), equaling $ to *(name each defendant and amount given to each):*

   c. [ ] Because defendant failed to vacate, plaintiff is seeking to recover the total amount in 8b as damages in this action.

9. a. [X] Defendant *(name each):* Natasha Starner

   was served the following notice on the same date and in the same manner:

    (1) [ ] 3-day notice to pay rent or quit    (5) [ ] 3-day notice to perform covenants or quit *(not applicable if item 7b checked)*
    (2) [ ] 30-day notice to quit    (6) [X] 3-day notice to quit under Civil Code, § 1946.2(c) Prior required notice to perform covenants served *(date):* 11-18-2020
    (3) [ ] 60-day notice to quit
    (4) [ ] 3-day notice to quit    (7) [ ] Other *(specify):* 11/18/2020 ↑

LHI7184 SAN BERNARDINO

**UD-100**

| | |
|---|---|
| PLAINTIFF: Matthew Ettinger | CASE NUMBER: LL TMB2000046 |
| DEFENDANT: Natasha Starner | |

9.  b.  (1)  On *(date):* 11/23/20                    the period stated in the notice checked in 9a expired at the end of the day.

        (2)  Defendants failed to comply with the requirements of the notice by that date.

   c.  All facts stated in the notice are true.

   d.  [X]  The notice included an election of forfeiture.

   e.  [X]  A copy of the notice is attached and labeled Exhibit 2. *(Required for residential property. See Code Civ. Proc., § 1166. When Civil Code, § 1946.2(c), applies and two notices are required, provide copies of both.)*

   f.  [ ]  One or more defendants were served (1) with the prior required notice under Civil Code, § 1946.2(c), (2) with a different notice, (3) on a different date, or (4) in a different manner, as stated in Attachment 10c. *(Check item 10c and attach a statement providing the information required by items 9a—e and 10 for each defendant and notice.)*

10.  a.  [X]  The notice in item 9a was served on the defendant named in item 9a as follows:

      (1)  [ ]  By personally handing a copy to defendant on *(date):*

      (2)  [ ]  By leaving a copy with *(name or description):*

            a person of suitable age and discretion, on *(date):*                    at defendant's

            [ ] residence    [ ] business   AND mailing a copy to defendant at defendant's place of residence

            on *(date):*                    because defendant cannot be found at defendant's residence or usual place of business.

pers     (3)  [X]  By posting a copy on the premises on *(date):*  November 18, 2020

            [X]  AND giving a copy to a person found residing at the premises AND mailing a copy to defendant at the premises

            on *(date):*  November 17, 2020

            (a)  [ ]  because defendant's residence and usual place of business cannot be ascertained OR

            (b)  [X]  because no person of suitable age or discretion can be found there.

      (4)  [ ]  *(Not for 3-day notice; see Civil Code, § 1946, before using)* By sending a copy by certified or registered mail addressed to defendant on *(date):*

      (5)  [ ]  *(Not for residential tenancies; see Civil Code, § 1953, before using)* in the manner specified in a written commercial lease between the parties

   b.  [ ]  *(Name):*

       was served on behalf of all defendants who signed a joint written rental agreement.

   c.  [ ]  Information about service of notice on the defendants alleged in item 9f is stated in Attachment 10c.

   d.  [X]  Proof of service of the notice in item 9a is attached and labeled Exhibit 3.

11.  [ ]  *Plaintiff demands possession from each defendant because of expiration of a fixed-term lease.*

\*\*\*  12.  [ ]  *At the time the 3-day notice to pay rent or quit was served, the amount of* **rent due** *was*  $

13.  [X]  *The fair rental value of the premises is*  $ 31.33                    *per day.*

\*\*\*  14.  [X]  *Defendant's continued possession is malicious, and plaintiff is entitled to statutory damages under Code of Civil Procedure section 1174(b). (State specific facts supporting a claim up to $600 in Attachment 14.)*

15.  [ ]  *A written agreement between the parties provides for attorney fees.*

16.  [ ]  *Defendant's tenancy is subject to the local rent control or eviction control ordinance of (city or county, title of ordinance, and date of passage):*

      Plaintiff has met all applicable requirements of the ordinances.

17.  [ ]  *Other allegations are stated in Attachment 17.*

18.  Plaintiff accepts the jurisdictional limit, if any, of the court.

UD-100 [Rev. September 1, 2020]                    **COMPLAINT—UNLAWFUL DETAINER**                    Page 3 of 4

LHI7184 SAN BERNARDINO

| PLAINTIFF: Matthew Ettinger | CASE NUMBER: |
| DEFENDANT: Natasha Stamer | LLTMB200 0046 |

**19. PLAINTIFF REQUESTS**

a. possession of the premises.
b. costs incurred in this proceeding:
\*\*\* c. [X] past-due rent of $ 1,670.00
\*\*\* d. [X] reasonable attorney fees.
e. [X] forfeiture of the agreement.

f. [ ] damages in the amount of waived rent or relocation assistance as stated in item 8: $
g. [X] damages at the rate stated in item 13 from
   *date:* November 24, 2020
   for each day that defendants remain in possession through entry of judgment.
h. [X] statutory damages up to $600 for the conduct alleged in item 14.
i. [ ] other *(specify):*

20. [✓] Number of pages attached *(specify):*
Exhibit 2 - 3 day cure or quit
Exhibit 3 - proof of service
Exhibit 3(A) - registered mail proof of delivery
Exhibit 4 - 15 day pay or quit Notice
Exhibit 4(A) - Covid-19 declaration sent
Exhibit 5 - proof of service
Exhibit 5(A) - registered mail proof of service. \*\*\*

**UNLAWFUL DETAINER ASSISTANT** (Bus. & Prof. Code, §§ 6400-6415)

21. [X] *(Complete in all cases.)* An unlawful detainer assistant [X] did not [ ] did
for compensation give advice or assistance with this form. *(If declarant has received any help or advice for pay from an unlawful detainer assistant, complete a–f.)*

a. Assistant's name:
b. Street address, city, and zip code:
c. Telephone no.:
d. County of registration:
e. Registration no.:
f. Expires on *(date):*

Date: 12-10-2020

Matthew Ettinger
(TYPE OR PRINT NAME)

▶ _(signature)_
(SIGNATURE OF PLAINTIFF OR ATTORNEY)

**VERIFICATION**

*(Use a different verification form if the verification is by an attorney or for a corporation or partnership.)*

I am the plaintiff in this proceeding and have read this complaint. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: 12-10-2020

Matthew Ettinger
(TYPE OR PRINT NAME)

_(signature)_
(SIGNATURE OF PLAINTIFF)

UD-100 [Rev. September 1, 2020]    **COMPLAINT—UNLAWFUL DETAINER**    Page 4 of 4

LHI7184 SAN BERNARDINO

SHORT TITLE: Matthew Ettinger vs. Natasha Starner

CASE NUMBER:

LLTMB2000046

Attachment 12 at Form UD-100 (Complaint - Unlawful Detainer)

1  She has destroyed my home, both inside and outside. She built an illegal barricade around the house

2  barring access after I gave her proper notice to view the property. She has threatened us with her two pit

3  bulls that she is not allowed to have on the property, and has blatantly refused to let us into my home with

4  our real estate agent when all proper notices have been served. I have police reports documenting both

5  instances. She also has not paid rent for 6 months.

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26  *(Required for verified pleading)* The items on this page stated on information and belief are *(specify item numbers, not line numbers)*:

27  This page may be used with any Judicial Council form or any other paper filed with the court.

Page _____

Form Approved by the
Judicial Council of California
MC-020 [New January 1, 1987]

ADDITIONAL PAGE
Attach to Judicial Council Form or Other Court Paper

CRC 201, 501

LHI7184 SAN BERNARDINO

Exhibit 2

Exp 11/23/20

## THREE-DAY NOTICE TO PERFORM
## COVENANT (CURE) OR QUIT

TO: Natasha Starner ("Tenant")
1578 Luna Mesa Rd Yucca Valley CA 92284 (the "Premises")

**NOTICE TO THE ABOVE-NAMED TENANT(S) AND ANY OTHER OCCUPANTS OF THE ABOVE-REFERENCED PREMISES:**

You are in violation of the following covenant set forth in the Month to Month lease agreement:

Paragraph 1, which provides:
You are in violation of the law by changing the locks and not providing a key. You have refused entry after 24 hour notice was given to view the property with an agent.

Please comply with this covenant and cure the violation by:
Monday, November 23rd at 8:00 AM.

PLEASE TAKE NOTICE THAT **WITHIN THREE (3) DAYS** after the service upon you of this Notice, you are hereby required to perform the covenant breached and cure the above violation, as specified above, **OR** quit and deliver up possession of the above-described Premises to the undersigned or authorized agent.

YOU ARE FURTHER NOTIFIED THAT, if you fail to perform the above covenant(s) and cure the above violation **OR** quit within three (3) days, the Owner/Landlord Matthew Ettinger shall hereby declare a forfeiture of your lease or rental agreement under which you hold possession of the above-described Premises and will institute legal proceedings against you to recover possession of the Premises and to have your lease or rental agreement forfeited, which could result in a judgment against you including rent, damages (including up to $600.00 pursuant to California *Code of Civil Procedure* section 1174(b) and any other damages allowed by law), costs and attorneys' fees.

Dated: 11/18/2020

Matthew S. Ettinger
(Owner)/Landlord/Agent
Address: 1428 Airoso Rd
La Habra Heights CA 90631
Phone: 714-349-0040

PENAL CODE SECTION 594 PROVIDES THAT ANY PERSON WHO MALICIOUSLY DAMAGES OR DESTROYS THE PROPERTY OF ANOTHER IS SUBJECT TO FINE AND IMPRISONMENT

AS REQUIRED BY LAW YOU ARE HEREBY NOTIFIED THAT A NEGATIVE CREDIT REPORT REFLECTING ON YOUR CREDIT RECORD MAY BE SUBMITTED TO A CREDIT REPORTING AGENCY IF YOU FAIL TO FULFILL THE TERMS OF YOUR CREDIT OBLIGATIONS, CA CIVIL CODE §1785.26

Exhibit 3

# PROOF OF SERVICE FORM

**Directions**: A copy of this form shall be filled out and attached when proof of service or statement of delivery or mailing is required. Use Part 1 and Part 3 for delivery by mail. Use Part 2 and Part 3 for personal delivery.

**Part 1**: Delivery by U.S. Mail: Proof Of Service by Mail

I declare that I am over the age of eighteen years.

My address is _14/28 Aireso Road, LaHabra Hgts CA 90631_. On, _11-17-2020_,
                                                                    (date)
I served the attached _3 day Notice to Cure or Quit_ by placing
                      (name of document)

A true copy enclosed in a sealed envelope with postage fully prepaid in the U.S. mail,

Addressed as follows:

_Natasha Starner_

_1578 Luna Mesa Road_

_Yucca Valley CA 92284_

**Part 2**: Personal Delivery:

I declare that on, _11-17-2020_ I personally delivered the attached
                   (date)
_3 day Notice to Cure or Quit_ to _Natasha Starner_,
   (name of document)                    (name of recipient)

at _1578 Luna Mesa Road Yucca Valley. CA 92284_
   (location)

**Part 3**: I declare under penalty of perjury that the foregoing is true and correct and that

This declaration was executed on _12-7-2020_ at
                                 (date)

_LaHabra Heights CA 90631_
        (city)

_Matthew Ettinger_                    _[signature]_
 (type or print name)                 (signature)

11/19/2020                                USPS.com® - USPS Tracking Results          Exhibit 3(A)

ON FRIDAY, NOV. 20 STARTING AT 1 AM ET, PACKAGE TRACKING WILL BE BRIEFLY UNAVAILA...

# USPS Tracking®

FAQs >

## Track Another Package +

**Tracking Number:** 9505515465290322573312

Remove ✕

Your item was delivered in or at the mailbox at 9:49 am on November 18, 2020 in YUCCA VALLEY,
CA 92284.

**USPS Premium Tracking™ Available** ∨

### ⊘ Delivered

November 18, 2020 at 9:49 am
Delivered, In/At Mailbox
YUCCA VALLEY, CA 92284

**Get Updates** ∨

See More ∨

## Can't find what you're looking for?

Go to our FAQs section to find answers to your tracking questions.

**FAQs**

Exhibit 4

# 15 DAY PAY OR QUIT
## NOTICE OF MISSED RENTAL PAYMENT

Dear __Natasha Starner__

and all other occupants of the unit located at __1578 Luna Mesa Road__,

Apt. # ___, in the city of __Yucca Valley__ CA, __92284__

These are hard times for everyone, but I must notify you that you are behind on rent.

| | | |
|---|---|---|
| Rent for the month of: __April__ | Amount: | $ 440 |
| Rent for the month of: __May__ | Amount: | 290 |
| Rent for the month of: __June__ | Amount: | 200 |
| Rent for the month of: __July__ | Amount: | 0 |
| Rent for the month of: __August__ | Amount: | 740 |
| Rent for the month of: __Sept__ | Amount: | 0 |
| Rent for the month of: __Oct.__ | Amount: | 940 |
| Rent for the month of: __Nov.__ | Amount: | 940 |
| Rent for the month of: _____ | Amount: |  |

Total Balance Due: $ __4,490__

\*\*\*  THIS IS NOT A NOTICE TO QUIT.  YOU ARE NOT BEING EVICTED, AND YOU DO NOT HAVE TO LEAVE YOUR HOME.  An emergency law temporarily protects tenants from eviction during the COVID-19 emergency.  The purpose of this notice is to make sure you understand the amount of rent you owe to your landlord.  **You will not be subject to late fees** or a negative report to a credit bureau if you certify to your landlord in writing within 7 days from the missed payment that your non-payment of rent is due to a financial impact from COVID-19.

PLEASE NOTE THIS ORDER DOES NOT PROTECT YOU AGAINST EVICTION FOR OTHER REASONS THAN NON PAYMENT OF RENT.

Please know that to help you pay your rent, if you have a 401K, you can take out a "coronavirus-related distribution" of as much as $100,000 (or up to 100% of the balance) without paying early withdrawal penalties. The act also increases the maximum "loan" from your 401k to this amount (previously that was limited to $50,000 or 50% of an employee's balance).

**ASK YOUR GOVERNOR FOR HELP:**

EXhibit 4

**Ask Governor Newsome to issue "Rent Vouchers" to help you pay your rent by signing this petition:** https://bit.ly/AOApetition2. **Otherwise, your rent will remain due in full.** You may also call or write to him:

> **Governor Gavin Newsom**
> **1303 10th Street, Suite 1173**
> **Sacramento, CA 95814**
> **Phone: (916) 445-2841**
> **Fax: (916) 558-3160**
> **Email:  stateinformation@state.ca.gov**

You should save money for food, medicine, and essentials but you should also pay as **much rent as you can afford to now.** We can draw up a payment plan agreement that works for **you during this time.** If you cannot pay rent that is owed in installment payments after the COVID-19 emergency is lifted and no future laws are passed to help you, an eviction may be filed against you.

matthew Ettinger
_____
Property Owner/Management Company

Date  11-13-2020
11:00 AM

Exhibit 9 (A)

Form Approved
OMB Control No. 0920-1303
Expiration Date: 12/31/2020

## [FORM] DECLARATION UNDER PENALTY OF PERJURY FOR
## THE CENTERS FOR DISEASE CONTROL AND PREVENTION'S TEMPORARY
## HALT IN EVICTIONS TO PREVENT FURTHER SPREAD OF COVID-19

This declaration is for tenants, lessees, or residents of residential properties who are covered by the CDC's order temporarily halting residential evictions (not including foreclosures on home mortgages) to prevent the further spread of COVID-19. Under the CDC's order you must provide a copy of this declaration to your landlord, owner of the residential property where you live, or other person who has a right to have you evicted or removed from where you live. Each adult listed on the lease, rental agreement, or housing contract should complete this declaration. Unless the CDC order is extended, changed, or ended, the order prevents you from being evicted or removed from where you are living through December 31, 2020. You are still required to pay rent and follow all the other terms of your lease and rules of the place where you live. You may also still be evicted for reasons other than not paying rent or making a housing payment. This declaration is sworn testimony, meaning that you can be prosecuted, go to jail, or pay a fine if you lie, mislead, or omit important information.

I certify under penalty of perjury, pursuant to 28 U.S.C. § 1746, that the foregoing are true and correct:

- I have used best efforts to obtain all available government assistance for rent or housing;[1]

- I either expect to earn no more than $99,000 in annual income for Calendar Year 2020 (or no more than $198,000 if filing a joint tax return), was not required to report any income in 2019 to the U.S. Internal Revenue Service, or received an Economic Impact Payment (stimulus check) pursuant to Section 2201 of the CARES Act;

- I am unable to pay my full rent or make a full housing payment due to substantial loss of household income, loss of compensable hours of work or wages, lay-offs, or extraordinary[2] out-of-pocket medical expenses;

- I am using best efforts to make timely partial payments that are as close to the full payment as the individual's circumstances may permit, taking into account other nondiscretionary expenses;

---

[1] "Available government assistance" means any governmental rental or housing payment benefits available to the individual or any household member.

[2] An "extraordinary" medical expense is any unreimbursed medical expense likely to exceed 7.5% of one's adjusted gross income for the year.

Public reporting burden of this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to CDC/ATSDR Reports Clearance Officer; 1600 Clifton Road NE, MS D-74, Atlanta, Georgia 30333; Attn: OMB-PRA (0920-1303)

Exhibit 9(A)

Form Approved
OMB Control No. 0920-1303
Expiration Date: 12/31/2020

- If evicted I would likely become homeless, need to move into a homeless shelter, or need to move into a new residence shared by other people who live in close quarters because I have no other available housing options.[3]

- I understand that I must still pay rent or make a housing payment, and comply with other obligations that I may have under my tenancy, lease agreement, or similar contract. I further understand that fees, penalties, or interest for not paying rent or making a housing payment on time as required by my tenancy, lease agreement, or similar contract may still be charged or collected.

- I further understand that at the end of this temporary halt on evictions on December 31, 2020, my housing provider may require payment in full for all payments not made prior to and during the temporary halt and failure to pay may make me subject to eviction pursuant to state and local laws.

I understand that any false or misleading statements or omissions may result in criminal and civil actions for fines, penalties, damages, or imprisonment.


_____          _____
Signature of Declarant                                                        Date


_____

[3] "Available housing" means any available, unoccupied residential property, or other space for occupancy in any seasonal or temporary housing, that would not violate federal, state, or local occupancy standards and that would not result in an overall increase of housing cost to you.

Public reporting burden of this collection of information is estimated to average 5 minutes per response, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. An agency may not conduct or sponsor, and a person is not required to respond to a collection of information unless it displays a currently valid OMB control number. Send comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden to CDC/ATSDR Reports Clearance Officer, 1600 Clifton Road NE, MS D-74, Atlanta, Georgia 30333; Attn: OMB-PRA (0920-1303)

Exhibit 5

# PROOF OF SERVICE FORM

**Directions**: A copy of this form shall be filled out and attached when proof of service or
statement of delivery or mailing is required. Use Part 1 and Part 3 for delivery by mail. Use Part
2 and Part 3 for personal delivery.

**Part 1**: Delivery by U.S. Mail: Proof Of Service by Mail

I declare that I am over the age of eighteen years.

My address is _1428 Airoso Road La Habra Hgts_
_CA 90631_ . On, _11-12-2020_ ,
I served the attached _Fifteen day Pay or Quit/ Covid 19 Declaration (date)_ by placing
(name of document)

A true copy enclosed in a sealed envelope with postage fully prepaid in the U.S. mail,

Addressed as follows: _Natasha Starner_

_1578 Luna Mesa Road_

_Yucca Valley CA 92284_

**Part 2**: Personal Delivery:

I declare that on, _11-12-2020_ I personally delivered the attached
(date)
_15 day pay or quit/Covid19 Declaration_ to _Natasha Starner_
(name of document)                              (name of recipient)

at _1578 Luna Mesa Road, Yucca Valley CA 92284_
(location)

**Part 3**: I declare under penalty of perjury that the foregoing is true and correct and that

This declaration was executed on _12-7-2020_ at
(date)
_1428 Airoso Road_
_La Habra Heights CA 90631_
(city)

_Matthew Ettinger_
(type or print name)                              (signature)

Exhibit 5(A)

# USPS Tracking®

FAQs >

## Track Another Package ✛

**Tracking Number:** 9505516328390318495868

Remove ✕

Your item was delivered in or at the mailbox at 10:54 am on November 14, 2020 in YUCCA VALLEY, CA 92284.

**USPS Premium Tracking™ Available** ⌄

## ⊘ Delivered

November 14, 2020 at 10:54 am
Delivered, In/At Mailbox
YUCCA VALLEY, CA 92284

**Get Updates** ⌄

Feedback

| Text & Email Updates | ⌄ |
|---|---|

| Tracking History | ⌄ |
|---|---|

| Premium Tracking | ⌄ |
|---|---|

| Product Information | ⌄ |
|---|---|

See Less ⌃

# EXHIBIT 2

1  Natasha Starner
   1578 Luna Mesa Rd
2  Yucca Valley, CA 92284

3

4  Defendant, In Pro Per

5

6

7

8
              SUPERIOR COURT STATE OF CALIFORNIA, COUNTY OF SAN BERNARDINO
9
                          JOSHUA TREE DISTRICT, LIMITED
10

11                                          NO.  LLTMB2000046
12  Matthew Ettinger,                       **NOTICE OF MOTION AND MOTION TO**
                                            **QUASH SERVICE OF SUMMONS;**
13                  Plaintiff,              **MEMORANDUM OF POINTS AND**
                                            **AUTHORITIES; DECLARATION OF**
14  vs.                                     **NATASHA STARNER**
15  Natasha Starner; and Does 1-1 Inclusive,
16                                          DATE: December 28, 2020
                                            TIME: 8 a.m.
17                  Defendants.             DEPT: M4  [Note non-stip]

18

19  TO PLAINTIFF AND COUNSEL:

20          NOTICE IS HEREBY GIVEN that on December 28, 2020 at 8:00 a.m. in Department

21  M4 of this Court [or whichever courtroom to which this matter is assigned], Defendant will and

22  does hereby move the Court to quash service of summons, on grounds that service of the

23  Summons has not been properly effectuated.

24          This motion is based upon the following points and authorities and Declaration of

25  Natasha Starner. DEFENDANT DOES NOT STIPULATE TO A COMMISSIONER OR

26  JUDGE PRO TEM participating in any aspect of this matter [Cal Const. Art 6 §21], and will

27  submit on the papers absent actual appearance [CRC §3.1304©].

28                                  **MOTION TO QUASH**

1

2

3    /s/                                DATED:  December 21, 2020
_____
4    Natasha Starner
     Defendant, In Pro Per

5    **MEMORANDUM OF POINTS AND AUTHORITIES**

6    **Introduction**

7         Code of Civil Procedure §§ 418.10 and 1167.4 authorize the unlawful detainer defendant

8    to file a motion to quash service of summons. If denied, Code of Civil Procedure §1167.4

9    extends the time to respond until 5 days after service of the notice of ruling denying the motion,

10   and the court lacks jurisdiction to set any shorter time.

11   **1. Jurisdiction not acquired by 5-day summons if complaint is not unlawful detainer**

12        Code of Civil Procedure §418.10 permits a defendant to move to quash service of

13   summons on grounds of lack of personal jurisdiction. Code of Civil Procedure §418.1 (1970). .

14   The 5-day summons is permitted only for unlawful detainer actions.  *Delta Imports, Inc. v.*

15   *Municipal Court* (1983) 146 Cal. App. 3d 1033, 1035:

16            If the underlying complaint fails to state a cause of action for unlawful detainer,
             then use of the five-day summons is improper and the defendant is entitled to an
17           order quashing service as a matter of law.

18        Unlike *Borsuk v. Appellate Division of the Superior Court* (2015) 242 Cal. App. 4th 607,

19   this challenge does *not* address the manner of *service* of the 3-day notice, to which that case was

20   limited.  The questionable *Borsuk* rationale was that *Delta* had erroneously equated service of

21   the 3-day notice with acquiring jurisdiction, and that a demurrer could properly challenge that

22   defect. That is not what *Delta* said, which makes *Borsuk* bad law, but since *Borsuk* did not

23   extend its ruling to other defects in an unlawful detainer complaint, *Delta* remains good law for

24   all other challenges to the failure to state a cause of action as a means of challenging jurisdiction

25   by means of a 5-day summons used exclusively for complaints that do state a cause of action for

26   unlawful detainer. Accordingly, *Borsuk* is, or should be, limited to a defect for manner of service

27   of the notice, and not extended to all other defects on a very slippery slope leading to everyone

28                              **MOTION TO QUASH**

                                   - 2 -

1  using 5-day Summonses instead of 30-day summons in *every* civil action.

2      The problem with defective "unlawful detainer" actions was addressed in *Karz v.*

3  *Mecham* (1981) 120 Cal.App.3d Supp. 1, 5-6.  In *Karz*, the court held that permitting a plaintiff

4  with a defective unlawful detainer action to use the expedited procedure "would encourage

5  bogus and fraudulent unlawful detainer filings" and would allow landlords "to file a knowingly

6  defective unlawful detainer action in order to get a preferred trial setting." *Id*.

7      Here, the Complaint fails to state a cause of action for unlawful detainer and does not

8  qualify to use the 5-day summons.  In paragraph 12, the Plaintiff does not check the box that a 3-

9  day notice to pay rent or quit was served, nor does he allege that any rent was due.  Additionally,

10  the complaint contains no allegation that a 15-day notice was served. Nonetheless, in paragraph

11  19, Plaintiff alleges that he is seeking $1670 in past-due rent. Unless a valid notice to pay rent or

12  quit has been served, the Plaintiff does not state a cause of action for unlawful detainer based on

13  non-payment rent.

14      In paragraph 9(a)(6), the Plaintiff alleges that he is terminating the tenancy  pursuant to

15  Civil Code § 1946.2 ( c), which permits a landlord to evict upon expiration of a 3-day notice to

16  cure a lease violation or quit the premises. However, the 3-day notice to cure or quit does not

17  state that defendant has breached a lease covenant. Rather, the notice states that the Plaintiff has

18  violated the law by changing the locks and refusing entry to the landlord.  The case at bar is

19  exactly the type of erroneous unlawful detainer action that *Delta* sought to prevent.  Because the

20  landlord does not state a cause of action for unlawful detainer, the court does not have

21  jurisdiction via 5-day summons and the motion to quash must be granted.

22  Respectfully submitted,

23      /s/

24  _____

25  Natasha Starner
    Defendant In Pro Per

26

27

28

**MOTION TO QUASH**

1

## DECLARATION OF NATASHA STARNER

2    STATE OF CALIFORNIA. COUNTY OF SAN BERNARDINO

3    I, Natasha Starner, state:

4         I am a Defendant in this action and make this declaration of my own personal knowledge.

5         The unlawful detainer action served on me in this action did not attach a 30-day

6    summons.

7         I declare under penalty of perjury under the laws of the State of California that the

8    foregoing is true and correct.

9    EXECUTED THIS 21st  DAY OF DECEMBER, 2020 AT JOSHUA TREE, CALIFORNIA.

10         /s/

11    _____

      Natasha Starner
12    Defendant In Pro Per

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                              **MOTION TO QUASH**

1

2                              **PROOF OF SERVICE BY MAIL**

3      STATE OF CALIFORNIA, COUNTY OF LOS ANGELES

4              I am employed in the County of Los Angeles, California at 8549 Wilshire Blvd. #2105,
       Beverly Hills, CA 90211. I am over the age of 18 and not a party to the within action.

5              On January 19, 2021, I served the document NOTICE OF REMOVAL; CIVIL CASE
       COVERSHEET, CERTIFICATE OF INTERESTED PARTIES attached hereto on the

6      opposing party(s) in this action by placing a true copy thereof enclosed in a sealed envelope
       with postage thereon fully prepaid in the United States mail at <u>Studio City</u>, California,

7      addressed to:                      **Matthew Ettinger**
                                           **1428 Airoso Road**

8                                  **La Habra Heights, CA 90631**

9              I declare under penalty of perjury under the laws of the United States that the above
       is true and correct. Executed on January 19, 2021 at Studio City, California.

10

11      *Chelsea Cooper*

12      Chelsea Cooper

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                      **NOTICE OF REMOVAL**